## Wetherill *against* Keim.

In a proceeding in partition by one plaintiff against several defendants, the in-
quest must set out in severalty, not only the part of the plaintiff but of each of the
defendants ; and if the land can not be divided so as to accommodate each severalty,
it must be valued ; without such valuation the inquisition is irregular.

ERROR to the common pleas of *Schuylkill* county.

This was an action of partition by *John M. Keim* against *Samuel
P. Wetherill, John P. Wetherill, Charles Wetherill, William Wetherill,*
and *Rebecca Gumbes*, to have partition of several tracts of land, ad-
joining each other, containing four hundred acres.    Judgment *quod
partitio fiat*, was entered, and a writ *de partitione facienda* was issued.
The jury of inquest divided the lands into two parts by metes and
bounds, and allotted one part to the plaintiff *John M. Keim*, and al-
lotted the other part to all the defendants, having found that it
would not divide without injury to the whole.    The jury did not
put a valuation upon either part.    The court below were asked to
set aside the inquisition for these reasons.

1. The jury did not divide the land into six parts.

2. The jury did not appraise the parts into which they divided the
land, pursuant to the act of 11th of April 1799.

3. The court erred in rendering the judgment *quod partitio fiat*,
because the writ and declaration of the plaintiff did not embrace all
the lands held by the plaintiff and defendants, as tenants in common
in the county of Schuylkill.

The court refused to set aside the inquisition on any of these
grounds ; and this writ of error was sued out, and the same errors
were assigned here.

*Parry* and *Leoser*, for plaintiffs in error, cited *Statute* 31 *Hen.* 8, *ch.*
31 ; 32 *Hen.* 8, *ch.* 32 ; *Rob. Dig.* 217, 224 ; 1 *Th. Co. Lit.* 806 ;
2 *Cruise's Dig. tit. Joint Tenant* 507 ; *Ibid.* 538 ; 2 *Black. Com.* 189 ;
1 *Penns. Black.* 477 ; 2 *Com. Dig.* 732 ; 8 *Com. Dig. App. to Chan.
title Partition* 825 ; *Acts of Assembly of* 11*th of April* 1799 ; 7*th of
April* 1807 ; 5*th of February* 1821 ; *Rex* v. *Rex,* 3 *Serg. & Rawle*
536 ; *Yelbach's Appeal,* 8 *Serg. & Rawle* 207 ; *Young* v. *Bichel,* 1 *Serg.
& Rawle* 468.

[Wetherill v. Keim.]

*Biddle,* for defendant in error, cited, 3 *Chit. Pl.* 671 ; 3 *Johns. Cha. Rep.* 202 ; 1 *Johns. Cha. Rep.* 271.

The opinion of the Court was delivered by

Rogers, J.—At common law, on a writ of partition, the court examined the title, and quantity of the purparts of the plaintiff, and the inquest set out in severalty, by metes and bounds, his share alone ; but, by the act of the 5th of February 1821 (*Purd. Dig.* 685), entitled a supplement to the several acts of this commonwealth, the legislature have declared, " that in all cases, when a writ of partition hath been, or may be issued, by any of the courts of this commonwealth, having jurisdiction thereof, at the suit of one joint-tenant, co-partner or tenant in common, against two or more defendants, and notice thereof is made, or given in conformity with law, the court from which the said writ hath issued, or may issue, shall, upon the appearance of the parties, or on default being made, proceed to examine the title and quantity of the parts or purparts of the respective defendants, as well as of the plaintiffs ; and accordingly as they shall find the said titles and quantity of the parts or purparts to be, they shall give judgment, and award a writ to make partition, whereby such purparts shall be set out in severalty, and the like proceedings, as to judgment and in all other respects, shall and may take place and be had, as are now required or authorized when the purpart of the plaintiff is alone set out in severalty ; provided always, that if all the said defendants shall, on or before the return day of the said writ, by writing filed in the said court, declare their wish that their interest in the premises, whereof the plaintiff seeks partition, may remain undivided, then and in such case, the plaintiff's purpart shall alone be set out, any thing herein to the contrary notwithstanding."

*John M. Keim* issued a summons in partition against the several defendants named ; and the court of common pleas, on the 4th of January 1832, gave judgment *quod partitio fiat.* On the 5th of January 1833, the court adjudged that the purparts of the defendants, being one-tenth of the whole for each of the defendants, be set out in severalty, as well as the moiety adjudged to the plaintiff. It appears on the record that the defendants, instead of declaring their wish that their interest in the premises should remain undivided, had a judgment entered by the court, in due form, by which it became the duty of the inquest to set out in severalty their respective interests, as well as the interest of the plaintiff. It became, then, necessary for the inquest to inquire, whether the premises would admit of division into six parts ; the one-half to be allotted to the plaintiff, and the one-tenth to each of the defendants. The inquest have set out, by metes and bounds, the one-half of the property to *John M. Keim,* in severalty ; and have returned that they cannot divide and apportion the other moiety among the several respective defendants. This is in effect a return by the inquest, that the property would not admit of division into six parts, according to the judgment. It be-

[Wetherill v. Keim.]

came then, the duty of the inquest to inquire, and return, whether the lands and tenements could be divided according to the command of the writ, without prejudice to or spoiling the whole; and if it would not admit of division, to make and return to the court a just valuation and appraisement of the lands and tenements; so that such proceedings might be had thereon, as is directed by the act concerning writs of partition, passed the 11th of April 1799, to which the act of 1821 is a supplement. That a valuation must be made when the lands cannot be divided is apparent, from the act of the 5th of February 1821, which prescribes, that in cases where there are two defendants, the court shall give judgment, and accord a writ of partition, whereby such purparts shall be set out in severalty, and the like proceedings, as to judgment and in all other respects, shall and may take place, and be had, as are now required, or authorized, where the purpart of the plaintiff is alone set out in severalty. The object of the act of 1821 is to avoid the expense and trouble which attend the execution of several writs of partition; and that the parts of all should be set out in severalty by the same inquest, and at the same time. A different construction of the act would defeat the intention of the legislature. We are of the opinion, that the proceedings are not in accordance with the judgment of the court, and the several acts of assembly; and that the inquest and proceedings therein should be set aside.

Proceedings set aside.